```
 1                UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2

 3   IN RE:                              CASE NO. 11-14250-JKO
 4   FRIENDSHIP AIRWAYS, INC.,
 5           Debtor.
     _____/
 6   IN RE:                              CASE NO. 11-14257-JKO
 7   FRIENDSHIP AIRWAYS LEASING,
     INC.,
 8
             Debtor.
 9   _____/
10
          *  *  *  *  EXCERPT FROM PROCEEDINGS  *  *  *  *
11
                              RULING
12
                      Monday, April 25, 2011
13
14        The above-entitled cause came on for hearing
15   before the Honorable JOHN K. OLSON, one of the Judges
16   in the UNITED STATES BANKRUPTCY COURT, in and for the
17   SOUTHERN DISTRICT OF FLORIDA, at 299 East Broward
18   Boulevard, Fort Lauderdale, Broward County, Florida on
19   April 25, 2011, commencing at or about 1:30 p.m., and the
20   following proceedings were had.
21
22
23
24                       Reported By:
25                      Karen B. Patlak
```

1              APPEARANCES:
2

              STEARNS WEAVER MILLER WEISSLER
3         ALHADEFF & SITTERSON, P.A., by,
          PATRICIA A. REDMOND , Attorney-at-Law
4         ILEANA CRUZ-BONGINI, Attorney-at-Law
                On behalf of the Debtors
5

6           KEVIN C. GLEASON, P.A., by
             KEVIN C. GLEASON, Esquire
7            On behalf of the Creditors
8
                   - - - - - -
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1        THE COURT:  This is a case in which I must
2   look at the claims against Friendship Airways Leasing,
3   Inc. separately from the claims against Friendship
4   Airways, Inc., and I do that, because there has been no
5   suggestion that these debtors should be or should have
6   been substantively consolidated.  And while Mr. Gleason
7   makes the point that the Internal Revenue Service regards
8   them as alter egos, that is for tax law purposes and it
9   is not a finding that is in anyway binding or
10  determinative of a finding of alter ego status for
11  bankruptcy purposes.
12       After Mr. Doane repossessed the aircraft or
13  caused them to be repossessed, if there were parts
14  missing, he could have brought a replevin action in
15  State Court and could have done so even without notice
16  upon the posting of a bond, but could have done so on
17  notice.
18       My experience in filing replevin actions --
19  and I've filed, I believe, hundreds of them in
20  practice -- is that you get a hearing extremely quickly.
21  And if Mr. -- if K & H Leasing has a claim to parts that
22  it can establish or at least make a prima facie showing
23  that are owned by it, then they are entitled to
24  possession and they can get a writ of replevin, which can
25  be served immediately.  And so the notion of delay is one

1  that I find not supportable.

2          Engines and propellers are separately
3  certificated with the FAA.  And while Mr. Doane spent a
4  fair bit of time on the stand explaining that parts,
5  which had been removed, were of limited value without the
6  relevant logbooks, logbooks can be replevied, as well.
7  And if Mr. Doane or his company were entitled to the
8  engines, to the propellers, to the airframes themselves
9  or to any other parts, they would necessarily be entitled
10 to possession of the logbooks until the matter was sorted
11 out.

12         I just don't understand why, if there was
13 theft going on, no police report was filed.  And if
14 property was in the possession of someone who was not
15 entitled to it, I do not understand why a replevin action
16 wasn't filed in State Court.  It's a perfectly splendid
17 remedy and works very fast, indeed considerably faster
18 than a bankruptcy proceeding.

19         I find that this involuntary petition was
20 filed against Friendship Airways Leasing, Inc. for the
21 sole and express purpose of collecting money.  It was
22 Mr. Doane's first choice, not his last choice.  It is
23 under applicable Eleventh Circuit law an improper use of
24 Section 303 of the Bankruptcy Code.

25         I, accordingly, find that the bankruptcy of

Page 5

1  Friendship Airways Leasing, Inc. was not filed in good
2  faith and should be dismissed.  I will, however, reserve
3  jurisdiction for the assessment of -- or for the
4  assertion of claims relating to damages available under
5  303(i), and will ask you, Ms. Redmond, to give me an
6  order.
7          MS. REDMOND:  I will, Your Honor.
8          THE COURT:  Thank you.
9          Is there anything else we need to do in this
10 case today?
11         MS. REDMOND:  No, I don't think so.
12         THE COURT:  Then we are adjourned.
13         (Thereupon, the hearing was concluded.)
14
15
16
17
18
19
20
21
22
23
24
25

1                          CERTIFICATION

2

3    STATE OF FLORIDA        :

4    COUNTY OF MIAMI-DADE    :

5

6         I, Karen B. Patlak, Shorthand Reporter and Notary
7    Public in and for the State of Florida at Large, do
8    hereby certify that the foregoing proceedings were taken
9    before me at the date and place as stated in the caption
10   hereto on Page 1; that the foregoing computer-aided
11   transcription is a true record of my stenographic notes
12   taken at said proceedings.
13        WITNESS my hand this 26th day of April,
14   2011.

15

16

17              _____
18                       KAREN B. PATLAK
19               Court Reporter and Notary Public
20             in and for the State of Florida at Large
21                     Commission #DD956369
22                       January 27, 2014

23

24

25