ORDERED in the Southern District of Florida on May 16, 2011

John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

FRIENDSHIP AIRWAYS LEASING, INC.

Alleged Debtor.

_____/

Chapter 7 - Involuntary

Case No. 11-14257-JKO

Related to ECF No. 13, 14

### ORDER DISMISSING CASE NO. 11-14257 WITH PREJUDICE AND SETTING HEARING TO ASSESS DAMAGES

This matter came before the Court for hearing on April 25, 2011 (the "**Hearing**") upon the Alleged Debtors' Motion to Dismiss Involuntary Petitions (the "**Motion**") [ECF No. 13] filed by Friendship Airways Leasing, Inc. ("**Leasing**," or the "**Alleged Debtor**") in the above-captioned involuntary bankruptcy case.

Upon consideration of the Motion, good cause appearing, and based upon the Court's oral findings of fact and conclusions of law, as stated at the Hearing, the relevant excerpt of the Hearing transcript attached hereto as Exhibit A, it is

#886934

ORDERED as follows:

1. The Motion is GRANTED as to Alleged Debtor Leasing, for the reasons cited on the record of the Hearing.

2. Case No. 11-14257 is DISMISSED with prejudice against the Petitioning Creditors, Karl W. Doane and K&H Ventures LLC (the "**Petitioning Creditors**"). The Petitioning Creditors are prohibited from re-filing an involuntary petition against Leasing for a period of two (2) years.

3. The Court reserves jurisdiction over this matter, the parties and any third parties to determine all remaining issues deemed appropriate, including without limitation, the amount of costs and attorneys' fees to be assessed pursuant to section 303(i)(1) of the Bankruptcy Code against the Petitioning Creditors and any other third parties and in favor of Leasing; and compensatory and punitive damages to be assessed pursuant to section 303(i)(2) of the Bankruptcy Code against any third parties.

4. A further evidentiary hearing on the issues set forth in the preceding paragraph shall be held on **MAY 25, 2011** at **11:00 a.m.**, at the United States Bankruptcy Court, in Courtroom 301, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

### # # #

**Submitted by and Copy furnished to:**
Patricia A. Redmond, Esq.
predmond@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Fax:    (305) 789-3395

(Attorney Redmond shall serve a conformed copy of this Order upon all interested parties and file a Certificate of Service.)

#886934

2

# EXHIBIT A

Page 1

```
 1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
 2

 3   IN RE:                              CASE NO. 11-14250-JKO

 4   FRIENDSHIP AIRWAYS, INC.,

 5        Debtor.
     _____/

 6   IN RE:                              CASE NO. 11-14257-JKO

 7   FRIENDSHIP AIRWAYS LEASING,
     INC.,
 8

          Debtor.
 9   _____/

10
          *  *  *  *  EXCERPT FROM PROCEEDINGS  *  *  *  *
11
                            RULINGS
12
                     Monday, April 25, 2011
13

14        The above-entitled cause came on for hearing
15   before the Honorable JOHN K. OLSON, one of the Judges
16   in the UNITED STATES BANKRUPTCY COURT, in and for the
17   SOUTHERN DISTRICT OF FLORIDA, at 299 East Broward
18   Boulevard, Fort Lauderdale, Broward County, Florida on
19   April 25, 2011, commencing at or about 1:30 p.m., and the
20   following proceedings were had.
21
22
23
24                      Reported By:
25                   Karen B. Patlak
```

1  APPEARANCES:
2
3  STEARNS WEAVER MILLER WEISSLER
   ALHADEFF & SITTERSON, P.A., by,
   PATRICIA A. REDMOND , Attorney-at-Law
4  ILEANA CRUZ-BONGINI, Attorney-at-Law
   On behalf of the Debtors
5
6  KEVIN C. GLEASON, P.A., by
   KEVIN C. GLEASON, Esquire
7  On behalf of the Creditors
8                - - - - -
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1        * * * * * * * * * *
2           THE COURT: Okay. Then I will discharge the
3    order to show cause subject to the award of damages under
4    Section 303(i) in the Airways case.
5        * * * * * * * * * *
6           THE COURT: This is a case in which I must
7    look at the claims against Friendship Airways Leasing,
8    Inc. separately from the claims against Friendship
9    Airways, Inc., and I do that, because there has been no
10   suggestion that these debtors should be or should have
11   been substantively consolidated. And while Mr. Gleason
12   makes the point that the Internal Revenue Service regards
13   them as alter egos, that is for tax law purposes and it
14   is not a finding that is in anyway binding or
15   determinative of a finding of alter ego status for
16   bankruptcy purposes.
17          After Mr. Doane repossessed the aircraft or
18   caused them to be repossessed, if there were parts
19   missing, he could have brought a replevin action in
20   State Court and could have done so even without notice
21   upon the posting of a bond, but could have done so on
22   notice.
23          My experience in filing replevin actions --
24   and I've filed, I believe, hundreds of them in
25   practice -- is that you get a hearing extremely quickly.

Page 4

1  And if Mr. -- if K & H Leasing has a claim to parts that
2  it can establish or at least make a prima facie showing
3  that are owned by it, then they are entitled to
4  possession and they can get a writ of replevin, which can
5  be served immediately.  And so the notion of delay is one
6  that I find not supportable.
7          Engines and propellers are separately
8  certificated with the FAA.  And while Mr. Doane spent a
9  fair bit of time on the stand explaining that parts,
10 which had been removed, were of limited value without the
11 relevant logbooks, logbooks can be replevied, as well.
12 And if Mr. Doane or his company were entitled to the
13 engines, to the propellers, to the airframes themselves
14 or to any other parts, they would necessarily be entitled
15 to possession of the logbooks until the matter was sorted
16 out.
17          I just don't understand why, if there was
18 theft going on, no police report was filed.  And if
19 property was in the possession of someone who was not
20 entitled to it, I do not understand why a replevin action
21 wasn't filed in State Court.  It's a perfectly splendid
22 remedy and works very fast, indeed considerably faster
23 than a bankruptcy proceeding.
24          I find that this involuntary petition was
25 filed against Friendship Airways Leasing, Inc. for the

1  sole and express purpose of collecting money.  It was
2  Mr. Doane's first choice, not his last choice.  It is
3  under applicable Eleventh Circuit law an improper use of
4  Section 303 of the Bankruptcy Code.
5            I, accordingly, find that the bankruptcy of
6  Friendship Airways Leasing, Inc. was not filed in good
7  faith and should be dismissed.  I will, however, reserve
8  jurisdiction for the assessment of -- or for the
9  assertion of claims relating to damages available under
10 303(i), and will ask you, Ms. Redmond, to give me an
11 order.
12           MS. REDMOND:  I will, Your Honor.
13           THE COURT:  Thank you.
14           Is there anything else we need to do in this
15 case today?
16           MS. REDMOND:  No, I don't think so.
17           THE COURT:  Then we are adjourned.
18           (Thereupon, the hearing was concluded.)
19
20
21
22
23
24
25

Page 6

1  CERTIFICATION

2

3  STATE OF FLORIDA      :

4  COUNTY OF MIAMI-DADE  :

5

6      I, Karen B. Patlak, Shorthand Reporter and Notary
7  Public in and for the State of Florida at Large, do
8  hereby certify that the foregoing proceedings were taken
9  before me at the date and place as stated in the caption
10 hereto on Page 1; that the foregoing computer-aided
11 transcription is a true record of my stenographic notes
12 taken at said proceedings.
13      WITNESS my hand this 26th day of April,
14 2011.

15

16

17 _____

18          KAREN B. PATLAK

19    Court Reporter and Notary Public

20  in and for the State of Florida at Large

21          Commission #DD956369

22           January 27, 2014

23

24

25

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875